## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.:

KEVIN COONEY,

      Plaintiff,

v.

CLEVELAND CLINIC WESTON
HOSPITAL NONPROFIT CORPORATION
f/k/a CLEVELAND CLINIC FLORIDA
HEALTH SYSTEM NONPROFIT
CORPORATION,
a Florida Not for Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN COONEY ("Mr. Cooney" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from CLEVELAND CLINIC WESTON HOSPITAL NONPROFIT CORPORATION f/k/a CLEVELAND CLINIC FLORIDA HEALTH SYSTEM NONPROFIT CORPORATION ("CCW" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2.   At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

3.   Defendant is a Florida not for profit corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

4.   Plaintiff worked for Defendant in Weston, Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

5.   At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.   At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he:  (a) had a daughter who suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.   Plaintiff worked for Defendant as a Registered Nurse from April 4, 1994, until his termination on December 3, 2019.

8.   During his lengthy tenure with CCW, Mr. Cooney was an outstanding employee with no history of disciplinary issues.

9.   Unfortunately, Mr. Cooney's daughter suffers from a chronic, serious health condition, bipolar 1 with rapid cycling.

10. In the summer of 2019, it became clear to Mr. Cooney due to his daughter's deteriorating serious health condition that he would need to take care of her by taking her for treatment sessions to treat and address the condition.

11. To that end, Mr. Cooney applied for intermittent unpaid leave pursuant to the FMLA on or about June 10, 2019.

12. On July 19, 2019, CCW forwarded Mr. Cooney written correspondence confirming his eligibility and approval for same, effective June 12, 2019.

13. In the ensuing months, Mr. Cooney utilized a modest amount of intermittent FMLA leave to care for his daughter's chronic serious health condition.

14. On November 15, 2019, Mr. Cooney, ever the team player, volunteered to work for CCW through lunch in order to ensure coverage for his team.

15. One of CCW's officious managers, Kristen Thorpe, confronted Mr. Cooney about this, stating incorrectly that he could not do that because "by law [he] need[ed] to go to lunch."

16. Perplexed, Mr. Cooney informed the benighted Ms. Thorpe that there was actually no law against him working through lunch to provide coverage for his team.

17. It was obvious that CCW upbraided Mr. Cooney for being a good team player in order to interfere with his FMLA rights.

18. On November 22, 2019, another CCW Manager, Jewel Murphy, and CCW's Director of Human Resources, Carl McDonald, accosted Mr. Cooney.

19. These individuals called Mr. Cooney into a conference room and "interviewed" him regarding the so-called "incident" with Ms. Thorpe, which was nothing more than a brief and unremarkable dustup between co-workers, as happens in medical facilities nationwide each day.

20.   On November 27, 2019, Mr. Cooney utilized intermittent FMLA leave to assist his daughter with her chronic serious health condition and a flareup of same.

21.   .  On December 3, 2019, Ms. Murphy, Ms. Thorpe, CCW Assistant Manager James Whitmore, and CCW's Perioperative Nursing Director, Jennifer Jagels, called Mr. Cooney into a conference room.

22.   At that time, Ms. Murphy informed Mr. Cooney that CCW had taken the decision to terminate his employment, effective immediately.

23.   None of these individuals was able to offer any cogent reason for CCW's extreme adverse employment action against Mr. Cooney.

24.   Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Cooney notifying CCW of his daughter's chronic, serious health condition, and in retaliation for Mr. Cooney utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

25.   Defendant did not have a legitimate, non-retaliatory reason, for its actions.

26.   Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

27.   Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

28.   The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

29.   Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of what should have been protected FMLA leave.

30.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

31.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

32.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

33.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

34.   At all times relevant hereto, Plaintiff was protected by the FMLA.

35.   At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

36.   At all times relevant hereto, Defendant interfered with Plaintiff by nitpicking and upbraiding him for innocuous and unremarkable actions and by refusing to allow Plaintiff to exercise his FMLA rights freely.

37.   As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38.   As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

39.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

40.     At all times relevant hereto, Plaintiff was protected by the FMLA.

41.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

42.     At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for applying for FMLA leave and for utilizing what should have been FMLA-protected leave.

43.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

44.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45.     As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 28th day of July, 2020.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*